Golden P. **KRATZ**
v.
The **UNITED STATES.**
No. 347–59.

United States Court of Claims.
March 7, 1962.

Rehearing Denied May 9, 1962.

Harry E. Wood, Washington, D. C., for plaintiff. Emery & Wood, Washington, D. C., were on the briefs.

Arthur E. Fay, Washington, D. C., with whom was Asst. Atty. Gen. William H. Orrick, Jr., for defendant.

DURFEE, Judge.

Plaintiff, an Army Reserve officer retired for physical disability, sues to recover an amount representing the difference in disability retired pay between 75 percent of the basic pay of a colonel with over 22 years service, which he claims, and 75 percent of the basic pay of a lieutenant colonel with such service for which he has been paid, for the period commencing August 1, 1953, to date of judgment.

Plaintiff was selected for temporary promotion from lieutenant colonel to colonel, but his promotion orders were never issued. In the meantime, he became a patient in an Army hospital on July 28, 1952. After the publication of the Selection List which contained notice of plaintiff's selection for temporary promotion to the temporary rank of colonel on August 28, 1952, plaintiff appeared before a Physical Evaluation Board on October 1, 1952, at the hospital where he was still a patient, and was found to be permanently unfit for duty as a result of physical disability incident to service on October 21, 1952. He was retired on October 31, 1952 because of this disability, in the grade of lieutenant colonel, pursuant to section 402(i) of the Career Compensation Act of 1949, 63 Stat. 802, 820, 37 U.S.C.A. § 272(i).

Plaintiff first contends that he is entitled to have his retired pay computed on the basis of the grade of colonel by virtue of the provisions of section 507 (a) (7) of the Officer Personnel Act of 1947, 61 Stat. 795, 893, and section 402 (i) of the Act of 1949, supra.

Section 507(a) (7) of the 1947 Act provides that:

"*Officers on a recommended list for promotion to any grade under the provisions of this title,* who, at any time prior to promotion, are found incapacitated for service by reason of physical disability contracted in line of duty shall, when retired, be retired in the grade for which they were recommended \* \* \*.*" (Emphasis supplied.)

Plaintiff's eligibility under this section is clear, if we find that he was an "officer on a recommended list for promotion to any grade under the provisions of this title," within the meaning of this section and title. The title of the Act of 1947 is "Officer Personnel Act of 1947," and Title V of the Act is entitled "Army." All of the sections of this title, sections 501 to 523 inclusive, relate largely to Regular Army officers, except section 515.

Section 507 is entitled "REGULAR ARMY OFFICERS—SELECTION BOARDS—PROMOTION GENERALLY." The defendant contends that sections 501 through 514 of Title V relate only to permanent promotions in the Regular Army; that section 507 entitled "REGULAR ARMY OFFICERS—SELECTION BOARDS—PROMOTION GENERALLY" therefore limits the meaning of section 507(a)(7) to permanent promotion lists for Regular Army officers as prescribed in section 505. Subsections 1 to 7 and 8 to 14 inclusive of Title V refer with specific particularity to "Regular Army Officers"

and "permanent promotions." Section 507(a)(7) refers to "officers" and "promotions." This omission of the words "regular," as applied to officers, and "permanent," as applied to promotions, in this subsection cannot be said to have been an inadvertent omission in a statute which otherwise is very specific in referring to "Regular Army Officers" and "permanent promotions." Furthermore, this subsection provides for "officers on a recommended list for promotion *under the provisions of this title.*" *"This title"* is Title V and includes section 515, which is entitled "ARMY OFFICERS—TEMPORARY GRADES—TEMPORARY APPOINTMENT OF OFFICERS IN THE ARMY OF THE UNITED STATES—ACTIVE DUTY OF RESERVE COMPONENT OFFICERS." Subsection (c) of section 515 provides for temporary appointments of both Regular Army officers and Reserve officers when required by the needs of the Army.

While section 515(c) does not refer specifically to "promotions" and makes no provision for a "promotion list," it does provide for appointments in temporary higher grade of officers in reserve components. This subsection also specifies that such action is to be taken on the basis of seniority, age and selection based upon ability and efficiency under regulations prescribed by the Secretary of War. The Secretary prescribed regulations pursuant to this subsection. Thereafter, pursuant to these regulations, and by his order, there were issued "Recommended Lists for Promotion to Temporary Grade of Colonel in the Army of the United States" on August 28, 1952. Plaintiff was named on this list under item 3(a) "Seniority Listing, (1) Army promotion list."

Defendant has called attention to the fact that section 507(a)(7) of the Officer Personnel Act of 1947 was expressly repealed by section 53, the Act of August 10, 1956, 70A Stat. 641, without comment. This act was the 1956 codification of titles 10 and 32 of the United States Code. The provision of this act by which the repeal was effected was included under section 53 which states at the outset:

"The following laws are repealed except with respect to rights and duties that matured, penalties that were incurred, and proceedings that were begun, before the effective date of this act and except as provided in section 49: * * *."

Plaintiff's rights "matured" under the Act of 1947 by virtue of his retirement as a lieutenant colonel in 1952, and the subsequent repeal of section 507(a)(7) in 1956 had no effect on his right to recovery under that subsection.

We conclude that plaintiff was an "officer on a recommended list for promotion" within the meaning of section 507(a)(7) of Title V of the 1947 Act.

Section 402(i) of the Career Compensation Act of 1949, 63 Stat. 802, 820, provides:

"All members of the reserve components heretofore or hereafter retired or granted retirement pay because of physical disability shall be entitled to the same pay, rights, benefits, and privileges provided by law or regulation for retired members of the regular services."

Plaintiff is entitled to have his disability pay computed at the rate of 75 percent of the basic pay of a colonel with over 22 years service, and is entitled to recover an amount equal to the difference between retired pay computed on this basis and the retired pay which he has received as a lieutenant colonel for the period from August 1, 1953, to date of judgment. Plaintiff's motion for summary judgment is granted. Plaintiff is therefore entitled to recover, and judgment will be entered to that effect with the amount of recovery to be determined pursuant to F.R.Civ.P., Rule 38(c), 28 U.S.C.A. Defendant's cross-motion for summary judgment is denied.

It is so ordered.

JONES, Chief Judge, and LARAMORE, Judge, concur.

WHITAKER, Judge (dissenting).

I regret to disagree with the majority opinion. It is there held that plaintiff is entitled to recover by virtue of section 507(a) (7) of the Officer Personnel Act of 1947 (61 Stat. 795, 893).

In my opinion this subsection applies only to officers of the Regular Army, and since plaintiff was a Reserve Officer, I do not think he can take advantage of it. The caption, beneath which section 507 and its several subsections appear, reads: "Regular Army Officers—Selection Boards—Promotion Generally." Section 507 is divided into subsections (a), (b), (c), and (d). Subsection (a) is further divided into subsections (1), (2), (3), (4), (5), (6), (7), and (8). Section 507(a) (1) reads, in part, as follows:

"Unless expressly provided otherwise by some provision of law, general officers of the Regular Army and promotion-list officers of the Regular Army shall be permanently promoted to and appointed in the grades of * * * in the Regular Army only when recommended for promotion to those grades by a selection board as provided in this title."

Then follows subsection (2) under section 507(a), and then subsection (3), etc. All of the subsections apply to those officers who are mentioned in section 507 (a). As the caption says, section 507 relates to Regular Army officers; it has no reference to Reserve officers.

This being true, section 507(a) (7) has no application to plaintiff, and I do not think he is entitled to recover.